O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| MEGAN SAVINOVICH and WALTER SAVINOVICH III,<br><br>Plaintiffs,<br><br>v.<br><br>SUBARU OF AMERICA, INC. et al.,<br><br>Defendants. | Case № 2:19-CV-07587-ODW (MAAx)<br><br>**ORDER GRANTING IN PART MOTION TO AMEND [11] AND GRANTING MOTION TO REMAND [12]** |

## I. BACKGROUND

Plaintiffs Megan Savinovich and Walter Savinovich III ("Plaintiffs") initiated this lemon law action against Defendant Subaru of America ("Defendant") in the Superior Court of California, County of Los Angeles, on July 30, 2019. (Notice of Removal ("Removal") ¶ 1, ECF No. 1; Decl. of Danielle N. Duarte ("Duarte Decl."), Ex. A ("Compl."), ECF No. 1-2.) Plaintiffs brought a total of six causes of action, five under the California Song-Beverly Consumer Warranty Act ("Song-Beverly") and one under the federal Magnuson-Moss Warranty Act ("MMWA"). (Compl. ¶¶ 7–45.) On August 30, 2019, Defendant removed the action to this Court on the basis of federal question subject matter jurisdiction. (Removal ¶¶ 3, 7–9.)

Plaintiffs move to amend the complaint to (1) dismiss the MMWA claim and (2) join Subaru of Santa Cruz as a defendant. (Mot. Amend, ECF No. 11.) Plaintiffs

also move to remand the action for lack of subject matter jurisdiction, subsequent to the Motion to Amend. (Mot. Remand, ECF No. 12.) Both motions have been fully briefed. (*See* ECF Nos. 13–16.)[1]

## II. DISCUSSION

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Federal courts have supplemental jurisdiction over other claims that are "so related to claims in the action within" the court's original jurisdiction "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "The district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3); *see also Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts may decline to grant leave to amend only where the opposing party puts forward "strong evidence" of undue prejudice, or bad faith or dilatory motive on the part of the moving party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

To begin, Plaintiffs seek leave to amend to dismiss their MMWA claim. Defendant has not demonstrated, let alone put forward "strong evidence," that it will

---

[1] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

suffer undue prejudice if the MMWA claim is dismissed, or that Plaintiffs are acting in bad faith or have a dilatory motive for seeking to dismiss the MMWA claim. *See Sonoma Cty.*, 708 F.3d at 1118. Indeed, Defendant does not object to dismissal of the MMWA claim, although it prefers dismissal be with prejudice. (Opp'n to Mot. Amend 2, ECF No. 14.) As leave to amend should be "freely given" and this matter is still in the early pleading stages, the Court **GRANTS** Plaintiffs' Motion to Amend to the extent it seeks to dismiss the MMWA cause of action. (*See* Mot. Amend 12–13.) Accordingly, the Court dismisses the MMWA without prejudice.

The MMWA claim provided the sole basis for the Court's original jurisdiction. (*See* Removal 3, 7–9.) As it has been dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims and remand is appropriate. *See* 28 U.S.C. 1367(c)(3). Accordingly, the Court does not reach Plaintiffs' other arguments, i.e. for joinder of Subaru of Santa Cruz as a necessary party. (*See* Mot. Amend 4–12.)

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** Plaintiffs' Motion to Amend (ECF No. 11) and dismisses the MMWA claim, and **GRANTS** Plaintiffs' Motion to Remand (ECF No. 12). The Court thus **REMANDS** this action to the Superior Court of the State of California, County of Los Angeles, Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012, Case No. 19STCV26490.

**IT IS SO ORDERED.**

January 13, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**